## ZACKEY, Plaintiff-Appellee, v. BOARD OF LIQUOR CONTROL, Defendant-Appellant.

Ohio Appeals, Second District, Franklin County.

No. 4665. Decided November 13, 1951.

A. G. Lancione, Bellaire, Nelson Lancione, Columbus, for plaintiff-appellee.

C. William O'Neill, Atty. Genl., Leander P. Zwick, Jr., Robert B. Krupansky, Asst. Attys., Genl., Columbus, for defendant-appellant.

### OPINION

By HORNBECK, PJ.

This is an appeal from a judgment of the Common Pleas Court of Franklin County reversing an order of the Board of Liquor Control sustaining an order of the Director of the Department of Liquor Control revoking C-2, D-2 and D-3 permits of plaintiff-appellee.

The charge against the permit holder was:

"That on September 4, 1950, at or about 11 P. M., you and/or

your agents or employees, did sell, furnish and serve intoxicating beverages, to wit, sloe gin, whiskey, wine and beer to a person who was then and there intoxicated, to wit, one William Cecil Kinney, said intoxicating beverages contributing directly to the death at 1:00 A. M., September 5, 1950, of the said William Cecil Kinney—in violation of the provisions of the Liquor Control Act, and the regulations of the Board of Liquor Control."

The appeal is on questions of law. Five errors are assigned. They may all be stated as, error in reversing the order of the Board of Liquor Control in holding that there was insufficient evidence to sustain the findings of the Board. The judgment of reversal was based upon the propositions that there is no competent evidence to support the finding and order of the Board of Liquor Control and that the order is contrary to the weight of the evidence and is contrary to law.

We have read the opinion of Judge Reynolds in the Common Pleas Court and are in accord with his conclusions that the record upon the competent evidence adduced did not support the finding of the Director and the Board that the charge was proven against the permittee.

The record is replete with testimony made up of reputed statements of persons who did not testify and opinions and conclusions of some of the witnesses who did testify.

Much of the testimony accepted by the Board on the appeal, which otherwise would have been objectionable, was properly received because not objected to by counsel for the permittee. There was enough competent evidence in this record to have convinced the Board that this permittee was conducting his place of business in a manner that was obnoxious and, in probability, against the regulations of the Board. However, the permittee was required to answer and the Director to prove a specific charge, the material elements of which were that he sold or furnished intoxicating liquors to Kinney while he was in an intoxicated condition.

Although there is dispute in the record whether or not permittee furnished Kinney any liquor, the Board was well within its province in concluding that he had furnished him a considerable amount of intoxicating liquor. This conclusion may have been properly reached from the testimony of the investigator for the Department, Mr. Hildebrand, who said that the permittee told him that he had served Kinney with four drinks, three whiskies and some beer, and it appears also that a Mr. Coss, in the presence of the permittee, stated:

"He (Kinney) had a load on. We got five big glasses of sloe gin with a lot of whiskey in him."

No denial of this observation was made by the permittee. There is also proof from which it could be inferred that Kinney was in probability intoxicated when he went out in front of permittee's place of business at about 11:00 P. M. on the night of his death. The complaint set up a charge that the furnishing of the liquor to Kinney contributed directly to his death; it was not vital to the establishment of the charge. If it were, it could be inferred from the testimony of the Coroner, that the drinking of the intoxicating liquor directly contributed to Kinney's death, even though the death certificate stated the cause of death to be coronary occlusion. However, the essential material element which is not established by the proof is that when the permittee furnished Kinney with the intoxicating liquor he, Kinney, was then intoxicated. This element is lacking upon the most favorable consideration to appellant of all of the probative evidence on the subject.

The judgment will be affirmed.

WISEMAN and MILLER, JJ, concur.